## OHIO TURNPIKE CO. v. ERNEST WAECHTER.

1. RIGHT OF TURNPIKE COMPANY TO TAKE TOLL IS PROPERTY.

The right of a turnpike company to take toll upon a turnpike is "property" which cannot be taken away or suspended without due process of law, as guaranteed by Sec. 16, Art. 1 of the state constitution and Sec. 1 of the fourteenth amendment to the federal constitution, which includes the right of trial by jury under Sec. 5, Art. 1 of the state constitution.

2. JUSTICES OF PEACE HAVE NO EQUITABLE JURISDICTION.

As justices of the peace have no equitable jurisdiction, the proceeding before such courts to suspend tolls on defective turnpikes under Secs. 3484 and 3485 Rev. Stat., is necessarily a proceeding at law, and such courts have no authority to sequester property in such proceedings, in analogy to mesne process from a court of equity, for the purpose of enforcing its orders.

3. SECTIONS 3484 AND 3485 REV. STAT. ARE UNCONSTITUTIONAL.

Section 5, Art. 1 of the constitution providing that "the right of trial by jury shall be inviolate" does not execute itself, as no provision is made therein for the impaneling of a jury; and where the general provisions of Secs. 5130, 7267, 7275 and 7276 Rev. Stat., relating to the impaneling of juries in civil and criminal cases are not applicable to special statutory proceedings involving the taking of private property, specific provision must be made therefor in such statutes to render them constitutional. Hence, Secs. 3484 and 3485 Rev. Stat., providing that if any turnpike company fails to keep its road in repair, a justice of the peace upon written complaint shall appoint two inspectors to examine into the truth of the matter, and upon their filing a report that the complaint is true and sending a certified copy thereof and of the inspectors' finding to the keepers of the gates between which the defects are located, the right of the company to take toll at such gates shall be suspended until the defects are fully repaired, amount to a taking of private property without due process of law, and are unconstitutional, inasmuch as no provision is made therein for a trial by jury, and there is no statutory provision for the impaneling of a jury in such case in appeal to the common pleas court.

4. RIGHT TO TRIAL BY JURY SECURED IN QUO WARRANTO.

The right to impanel a jury to try issues of fact is inherent in the exercise of jurisdiction in quo warranto under Sec. 6768 Rev. Stat., and where a jury is demanded in such proceeding it can be impaneled in the circuit court under Sec. 5168 Rev. Stat.

5. RIGHTS OF PURCHASER OF TURNPIKE AT EXECUTION SALE.

A purchaser of a turnpike road at an execution sale under the act of May 5, 1868 (65 O. L. 136; Sec. 3530 Rev. Stat. et seq.) is vested with all the property and franchises of the original corporators and is subject to the visitorial power of the state, through its courts, under Secs. 6760 and 6761 Rev. Stat. for unlawfully usurping franchises, the commission or omission of acts which amount to a surrender of corporate rights, privileges and franchises, or for the misuse of franchises, privileges and rights conferred upon it.

6. DISCRETION OF COURT IN QUO WARRANTO PROCEEDINGS.

A court has the widest latitude of discretion in granting or withholding the writ of quo warranto in consideration of public or private justice, and may take into consideration all the conditions surrounding the case together with the statements or promises of the defendant to make immediate amends.

ERROR to the court of common pleas of Hamilton county.

Jno. C. Healy and Malcolm McAvoy, for plaintiff.

Foraker, Outcalt, Granger & Prior, for defendant.

JELKE, J.

These three cases [Ohio Turnpike Co. v. Waechter, Ohio Turnpike Co. v. Edwards, and State, ex rel. Nichols, v. Martin], growing out of the same property, the Ohio turnpike, and presenting substantially the same questions, will be considered together.

The first two, error cases, were begun in magistrates' courts and were prosecuted under Secs. 3484 and 3485 Rev. Stat. In both cases it was contended that a suspension of the right to take tolls was a taking of private property, and under the case of Turnpike Co. v. Parks, 50 Ohio St. 568 [35 N. E. Rep. 304], was in violation of:

"1. Section 5, Art. 1 of the constitution: 'The right of trial by jury shall be inviolate.'

"2. Section 16, Art. 1 of the constitution: 'Every person, for an injury done him in his land and goods, shall have remedy by due course of law.'

"3. The provision of Sec. 1, Art. 14 of the amendments of the constitution of the United States, that no person shall be deprived of property without due process of law."

In the case of Ohio Turnpike Co. v. Edwards, in the common pleas court of Clermont county, the court offered to impanel a jury to try the issues of fact as to the condition of the road, etc., but counsel for the turnpike company, while contending that said company could not be deprived of its property without due course of law, that is, without the intervention of a jury, nevertheless denied the power of the court to impanel such jury without express authorization by statute so to do.

Dickman, J., in Turnpike Co. v. Parks, *supra,* said, pages 575, 576:

"The right to take toll upon a turnpike is a franchise, * * * and when properly exercised becomes a useful and valuable right— a source of income and the means of reimbursing the company for keeping the road in repair for safe and convenient use. And this franchise, which in the case at bar it is sought to extinguish, is to be regarded as property in the enlarged sense of the term.

"'A franchise is property, and nothing more; it is incorporeal property, and it is its character of property only which imparts to it value, and alone authorizes in individuals a right of action for invasions or disturbances of its enjoyment.' Daniel, J., in West River Bridge Co. v. Dix, 47 U. S. (6 How.) 507, 534."

We are of opinion that a suspension of the right to take tolls is a taking of property no different in kind, only less in degree.

There are two contentions on behalf of the plaintiff below:

First. That this is not an absolute taking of property, but a sequestration of the same to enforce the court's order as to repairs, in analogy to a mesne process from a court of chancery. The answer to this is that this is not an equitable proceeding because it is begun, and, in default of appeal, may be ended in the court of a justice of the peace, who has no equitable jurisdiction. In a proceeding at law, then, property can only be taken by due course of law.

Second. That an appeal is provided by Sec. 3485 Rev. Stat. to the court of common pleas, and that a jury may be had in that court. In the case of Ohio Turnpike Co. v. Waechter, this was denied by the court below.

If we find that this proceeding is the taking of property and can only be had under the constitution by the intervention of a jury, as the constitution does not provide for the impaneling of a jury and as the constitution does not execute itself, we must look to the statutes to find what provision, if any, is made for a jury in such proceeding. The provisions for the impaneling of a jury by the common pleas court in criminal cases cannot apply. Sections 7267, 7275, 7276 Rev. Stat. Neither can the general provision of Sec. 5130 Rev. Stat. in civil actions apply.

"Issues at law must be tried by the court, unless referred as hereinafter provided; and issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided." Section 5130 Rev. Stat.

Now we find that the jury on appeal in road cases is specially provided for in Sec. 4700 Rev. Stat. (which saves the constitutionality of action by viewers). We find further that in all special proceedings in which a jury is needed, special provision is made for the same by statute, viz., condemnation, bastardy, will contests, etc. In the absence of such provision we fail to see how the constitutional right of the turnpike company can be secured to it.

The same objection is urged by counsel for the turnpike company in the quo warranto case. In this case the taking of property sought is absolute, and unless the issues of fact can be determined by a jury impaneled by and under proper instructions from a court of competent jurisdiction, under the case of Turnpike Co. v. Parks, *supra,* must fail.

Jurisdiction in quo warranto is conferred by Sec. 6768 Rev. Stat.

Where the constitutional right to a jury trial is recognized, the right to impanel a jury to try issues of fact is inherent in the exercise of jurisdiction in quo warranto. 23 Am. & Eng. Enc. Law 626. It pertains to the jurisdiction conferred. If then in this case in this court a jury were demanded we would proceed to impanel one as provided in Sec. 5168 Rev. Stat. The constitutional right being thus secured in this kind of an action in this court, the objections of the case of Turnpike Co. v. Parks, *supra,* are avoided and this court in a proper case could forfeit defendant's franchise.

We are of opinion that when the individuals, defendants herein, took this property under the act of May 5, 1868 (65 O. L. 136; Sec. 3530 Rev. Stat. *et seq.*), the same vested "in them in the same manner" as franchises vested in the original corporators and subject to the same visitation on the part of the state through its courts as obtained against the original corporation, and this action would lie either under Sec. 6760 Rev. Stat. against a person who unlawfully holds a franchise, or Sec. 6761 Rev. Stat. against a corporation when it has committed or omitted an act which amounts to a surrender of its corporate rights, privileges and franchises, or when it has misused a franchise, privilege or right conferred upon it by law.

In quo warranto the court has the widest latitude of discretion in granting and withholding the writ in consideration of general justice, public and private, and can take into consideration all the conditions and even the protestations of what defendants purpose doing immediately.

In view of the changes which brought about the conditions complained of, the promise of defendants to ·make immediate repairs and restoration, the season of the year, etc., the court will give the defendants until May 1, 1904, to repair the road to conform to the requirements of Sec. 3477 Rev. Stat.—"at least sixteen feet (in width) shall be made an artificial road, composed of stone, gravel, wood, or other convenient material, well compacted together in such manner as to secure a firm, even, and substantial road"—and proceedings herein will be stayed until then.

We are of opinion that Secs. 3484 and 3485 Rev. Stat. do not afford what the constitution vouchsafes, and the error cases will be reversed.